## Farmers & Merchants Trust Company v. Brumback

*George E. Wenger,* for L. H. Huber, Sheriff.

*Paul M. Crider,* for County Commissioners of Franklin County.

DAVISON, P. J., December 31, 1932.—The real estate of the defendant, having been offered for sale on the above-entitled fi. fa., was purchased by the plaintiff in said execution, the plaintiff herein, who tendered to the Sheriff of Franklin

County as the costs in said execution $154.80 and a lien creditor's receipt for the balance of said purchase price. The sum of $154.80 so tendered said sheriff was the amount of costs taxed in said sale, less poundage, $151.76, and $3.04 poundage on that amount. The sheriff refused said tender, claiming poundage on the whole purchase price, $1,250, amounting to $13.75.

Exceptions were filed to the sheriff's schedule of distribution as filed, which included said poundage of $13.75, said exceptions raising the one question, that is, as to the right of the sheriff to receive the poundage on the whole amount of the sale, the exceptant contending that he is only entitled to receive poundage on the money actually paid out by him.

The determination of this matter depends on the construction of the Act of July 11, 1901, P. L. 663, as the right to charge poundage is of statutory origin and must depend on the statute creating the right, which is the Act of 1901. That act, which is an act to regulate and establish the fees to be charged by sheriffs in this Commonwealth, provides in section 1:

"That from and after the passage of this act, the fees to be received by sheriffs in this Commonwealth shall be as follows: . . .

"For paying out money made or received on any writ, process, decree, order or sentence of court, two cents on every dollar awarded and applied, or paid, on any judgment, mortgage, encumbrance, or other claim, provided that the amount of same does not exceed five hundred dollars; in which case, one-half cent on every dollar in excess of this amount awarded and applied, or paid, as aforesaid; said commission to be allowed whether the money is paid with or without sale, and also in all cases where, after levy, the debt has been paid direct to plaintiff or a compromise made, without the money going through the sheriff's hands."

It is to be noticed that the provision is for "paying out money made or received", and can we say that this can be interpreted to include cases where no money is received or paid out, except as that situation is provided for in the act itself? That act carefully makes provision for the case where the sheriff is entitled to poundage when he does not actually receive or pay out the money, and that is when the debt has been paid direct to the plaintiff or compromise made without the money going through the hands of the sheriff. If the legislature had intended to provide for this commission to the sheriff where he did not receive the money itself but a creditor's receipt in lieu of the same, it could have so said, as it did as to the other item. It not having done so, we cannot do other than follow the plain wording of the act and allow the poundage only on the money actually paid out by him, that is, on the $151.76.

We find this clause of the Act of 1901 interpreted but once, in Dickson's Estate, for use, v. Lee, Exec'r, 24 Dist. R. 375, where the conclusion reached is the same as we have reached in the instant case.

We find the Act of June 12, 1878, P. L. 187 (afterwards declared unconstitutional), where the words used were "receiving and paying money", construed in Miller et al. v. Griffith, 2 Pa. C. C. 531, in the same way in which we have construed the Act of 1901; and the Act of April 2, 1868, P. L. 3, where the wording is the same as in the Act of 1878, "receiving and paying money", contrued in the same way in Zacharias v. Dougherty, 1 Just. L. Rep. 223.

We are therefore of the opinion that the exceptions to said sheriff's schedule of distribution must be sustained.

Now, December 31, 1932, the exceptions filed to the sheriff's schedule of distribution in the above-entitled fi. fa. are sustained, and it is ordered and decreed that the sheriff's schedule of distribution be amended in accordance with this opinion.

From Albert Strite, Chambersburg, Pa.